**MALONE FREIGHT LINES, Inc.,**
**Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,**

and

**Gulf, Mobile & Ohio Railroad Co. et al.,**
**Defendants.**

**Civ. A. No. 8793.**

United States District Court
N. D. Alabama, S. D.

Nov. 7, 1957.

Maurice F. Bishop, Birmingham, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and M. L. Tanner, Asst. U. S. Atty., Birmingham, Ala., and Victor R. Hansen, Asst. Atty. Gen., James E. Kilday and Charles R. Esherick, Attys., Department of Justice, Washington, D. C., for the United States.

Robert W. Ginnane, General Counsel, and Carroll T. Prince, Jr., Washington, D. C., for Interstate Commerce Commission.

Leo H. Pou, Washington, D. C., and John W. Adams, Jr., Mobile, Ala., for Gulf, M. & O. R. Co.

Clarence Raymond, Louisville, Ky., for Louisville & N. R. Co.

Earl E. Eisenhart, Jr., Washington, D. C., for Southern R. Co.

Before RIVES, Circuit Judge, and LYNNE and GROOMS, District Judges.

PER CURIAM.

By this action,[1] the plaintiff seeks to set aside and enjoin certain orders entered by the Interstate Commerce Commission on August 15, 1956, February 18. 1957, and June 28, 1957, in its Investigation and Suspension Docket No. M–7730, Facing or Flooring Tile—Malone Freight Lines, Inc., 68 M.C.C. 211, requiring cancellation of rates published by the plaintiff to apply to the movement of facing and flooring tile between points in southern territory.[2] The Commission found that the schedules under investigation were not shown to be just and reasonable, because there was no sufficient showing that the rates under the proposed ratings would produce compensatory revenues.

1. Under Sections 1336, 2284 and 2321 of Title 28 U.S.C. and Section 1009 of Title 5 U.S.C.

2. In effect, plaintiff's proposed rates extend its established rates on asphalt tile from Jackson and New Orleans to all three types of tile, asphalt, rubber and plastic; and generally between all points in the South.

**954**

■ Upon oral argument the plaintiff admitted, as it must,[3] that the order is based upon adequate findings. Our review then is limited to whether the findings of the Commission are supported by substantial evidence in the record as a whole,[4] and whether there is a rational basis for the inferences and conclusions of the Commission.[5]

■ The burden of proof was upon the plaintiff to show that the proposed changed rates were just and reasonable. Section 216(g) of the Interstate Commerce Act, 49 U.S.C.A. § 316(g). The plaintiff relied on statements reflecting that the rates range from 34 cents to $1.20 per mile and that its average operating cost is 27.13 cents per truck.

In Pick-Up and Delivery in Official Territory, 218 I.C.C. 441, the Commission indicated the indefinite character of average system costs in rate making:

"Cost studies based on system average costs are necessarily of limited value in determining transportation costs fairly apportionable to particular kinds of traffic, because of the inevitable conjecture as to whether conditions affecting the average figures similarly come into play in the case of the particular traffic."

Again, in Commodities in Middle West States, 46 M.C.C. 445, the same point is made by the Commission:

"Average costs for all kinds of traffic are of little value in determining the reasonableness of rates on particular articles."

■ The Commission's report conceded that the same rating may be desirable on the three kinds of tile. The proposed rates on rubber and plastic tile are equal to certain of plaintiff's published rates on asphalt tile in existence for as much as five years. Such existing rates on asphalt tile have not been prescribed or expressly approved by the Commission, nor did the plaintiff make any showing as to the compensativeness of such rates. The plaintiff insists that a presumption should be indulged that such rates in existence for so long a period are compensatory. The inferences to be drawn, if rational, are matters for the Commission alone.[6] The inference urged by plaintiff is not so clearly required when we consider the fact that costs of most services have been rising almost constantly over the past five years. The Commission's expertise better qualifies it to determine whether there was a sufficient showing that plaintiff's existing rates on asphalt tile are compensatory so as to furnish a proper standard of comparison for the proposed rates.

■ The plaintiff introduced no detailed cost data. It did not show that the proposed rates covered even its "out-of-pocket costs."[7] Under the limited review here permitted, it cannot be held that the Commission erred in finding that the plaintiff had not met its burden of proof. It is, therefore, considered, ordered and adjudged by the Court that the

3. Chicago & E. I. R. Co. v. United States, D.C.S.D.Ind.1952, 107 F.Supp. 118, 124, 125, affirmed 344 U.S. 917, 73 S.Ct. 346, 97 L.Ed. 707; Alabama Great Southern R. Co. v. United States, 1951, 340 U.S. 216, 228, 71 S.Ct. 264, 95 L.Ed. 225.

4. New England Divisions Case (Akron, C. & Y. R. Co. v. U. S.), 1923, 261 U.S. 184, 204, 43 S.Ct. 270, 67 L.Ed. 605; Interstate Commerce Commission v. Union Pacific R.R. Co., 1912, 222 U.S. 541, 547, 32 S.Ct. 108, 56 L.Ed. 308.

5. Mississippi Valley Barge Line Co. v. United States, 1934, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260; Roch-ester Telephone Corp. v. United States, 1939, 307 U.S. 125, 146, 59 S.Ct. 754, 83 L.Ed. 1147; Board of Trade of Kansas City, Mo. v. United States, 1942, 314 U.S. 534, 546–548, 62 S.Ct. 366, 86 L. Ed. 432.

6. New England Divisions Case (Akron, C. & Y. R. Co. v. U. S.), 1923, 261 U.S. 184, 204, 43 S.Ct. 270, 67 L.Ed. 605; Interstate Commerce Commission v. Union Pacific R.R. Co., 1912, 222 U.S. 541, 547, 32 S.Ct. 108, 56 L.Ed. 308.

7. See Boston and Maine Railroad v. United States, D.C.Mass., 153 F.Supp. 952, 957.

temporary restraining order heretofore issued in this cause be and the same is hereby vacated and that the complaint be and the same is hereby dismissed. Costs are taxed against the plaintiff, for which, unless presently paid, execution may issue.

